UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| WADE JAMES ODUM, | ) | |
|---|---|---|
| Movant, | ) | |
| v. | ) | CV616-132 |
| | ) | CR615-008 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

# ORDER

Convicted as a felon in possession of firearms, doc. 31, Wade Odum invokes 28 U.S.C. § 2255 to vacate the restitution portion of his sentence. Doc. 36. As part of his sentence this Court required restitution under the Victim and Witness Protection Act (VWPA) for a state burglary charge. Doc. 31 at 5-6. But that charge has since been dismissed by a state court. Doc. 36-1 (certificate of service of dismissal by the Middle Judicial Circuit of Georgia District Attorney). The Court screens his motion under Rule 4 of the Rules Governing Section 2255 Proceedings.

Odum may not utilize § 2255 because that statute affords relief only to those prisoners claiming the right to be released from custody.

*Brown v. United States*, 256 F. App'x 258, 262 (11th Cir. 2007); *Mamone v. United States*, 559 F.3d 1209, 1211 (11th Cir. 2009) ("The plain language of the statute indicates § 2255 applies to 'a prisoner in custody . . . claiming the right to be released'") (quoting 28 U.S.C. § 2255); *Blaik v. United States*, 161 F.3d 1341, 1343 (11th Cir. 1998) ("§ 2255 cannot be utilized by a federal prisoner who challenges only the restitution portion of his sentence"). *See also United States v. Thiele*, 314 F.3d 399, 402 (9th Cir. 2002) ("[C]ognizable claims in a § 2255 motion do not run interference for non-cognizable claims. Claims seeking release from custody can be brought under § 2255; claims seeking other relief cannot. . . . Non-cognizable claims do not morph into cognizable ones by osmosis").

Because he is not authorized to apply for relief from his restitution order under § 2255, Odum also cannot bring his resentencing motion as a 28 U.S.C. § 2241 petition. *See Arnaiz v. Warden, Fed. Satellite Low*, 594 F.3d 1326, 1329 (11th Cir. 2010) (§ 2241 provides no relief because "a successful challenge to the restitution part of his sentence would, in no way, provide relief for the physical confinement supplying the custody necessary for federal habeas jurisdiction"); *Preiser v. Rodriguez*,

2

411 U.S. 475 (1973) ("It is clear, not only from the language of [the statutes], but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person *in custody* upon the legality of *that custody*") (emphasis added).

Because Odum is precluded from seeking relief under §§ 2255 or 2241, *see United States v. Young*, 249 F. App'x 793, 795 (11th Cir. 2007) (concluding "there [i]s no procedural basis through which [movant] could bring such a motion"), he could perhaps seek reconsideration of the restitution calculation, either before the sentencing judge or on direct appeal -- assuming a remedial statute, rule, or doctrine exists to enable that. Odum ordinarily would be subject to waiver for failing to timely challenge the restitution calculation. *See Cani v. United States*, 331 F.3d 1210, 1213-14 (11th Cir. 2003) (a defendant cannot contest a district court's initial restitution calculation absent direct appeal); Fed. R. App. P. 4(b)(1)(A)(i) (defendant has 14 days to appeal after the judgment becomes final). But he did not receive notice of the burglary charge's dismissal until *after* this Court entered its judgment. *Compare* doc. 31 (judgment entered on February 29, 2016) *with* doc. 36-1 (copy of certificate of service dated May 2, 2016 notifying Odum the charge had

been dismissed). Nor can he be faulted for failing to timely appeal, since that relief did not unfold until after his appeal time expired.

The facts of this particular case -- restitution imposed as a result of charges that were later dismissed -- warrant a response from the government, even if relief under § 2255 itself is ultimately inappropriate. *See Hughey v. United States*, 495 U.S. 411 (1990) (the "language and structure of the [VWPA] make plain Congress's intent to authorize an award of restitution *only* for the loss caused by the specific conduct that is the basis of the offense of conviction") (footnote omitted and emphasis added).

Therefore, in the interest of justice, respondent is **ORDERED** to file an answer or response within 30 days from the date of this Order. Odum shall furnish the United States Attorney in Savannah, Georgia, with copies of all further motions or papers filed in this case.

**SO ORDERED,** this  5th  day of October, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA